UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY MOTT; ABC MINING,

                Plaintiffs,

-against-

JUDGE SEAN LANE; ATTORNEY SCHELL; ATTORNEY MANZANO; AND OTHERS,

                Defendants.

25-CV-4063 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ricky Mott ("Mott") brings this action *pro se* on behalf of himself and ABC Mining. As discussed below, the Court (1) directs Mott to pay the fees to initiate this action or ask that the fees be waived, and (2) dismisses ABC Mining, without prejudice to this party obtaining counsel to proceed with this action. The Court shall address Plaintiff's motions following Mott's paying the fees or the Court granting any request to waive the fees.[1]

## DISCUSSION

**A.    Fees**

To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Mott submitted the complaint without the filing fees or an IFP application. Within thirty days of the date of this order, Mott must either pay the $405.00 in fees or submit the attached IFP

---

[1] Plaintiff seeks reassignment of this action to another judge of this court because the Court is assigned to Plaintiff's other pending action. *See Mott v. Lane*, No. 25-CV-2771 (LTS). Plaintiff offers no basis, however, for reassignment of this action. In Plaintiff's pending case, where he names the same defendants named in this action, he filed an interlocutory appeal after the Court denied his request for emergency relief.

application. If Mott submits the IFP application, it should be labeled with docket number 25-CV-4063 (LTS). If the Court grants the IFP application, Mott will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Mott complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Mott fails to comply with this order within the time allowed, the action will be dismissed.

**B.     ABC Mining**

Mott cannot bring this action on behalf of himself and ABC Mining as a *pro se* party. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

Mott does not allege that he is an attorney or that ABC Mining is a sole proprietorship. Accordingly, the Court dismisses the claims brought on behalf of ABC Mining, without prejudice to ABC Mining retaining counsel.

**CONCLUSION**

The Court directs Mott, within 30 days of the date of this order, to pay the $405.00 in fees or file the attached IFP application. The Court also directs Mott to update his mailing address because the Standing Order at ECF 2 was returned as undeliverable.

The Court dismisses the claims brought on behalf of ABC Mining, without prejudice to ABC Mining retaining counsel. The Court directs the Clerk of Court to terminate ABC Mining from this action.

The Court shall address Plaintiff's motions after he pays the fees, or following his IFP application being granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 24, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge